IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. ___1:22-cv-00996___

JOHN D. CALLAHAN,

    Plaintiff,

v.

CAPITAL ONE AUTO FINANCE, INC.,

    Defendant.

## COMPLAINT

NOW comes JOHN D. CALLAHAN ("Plaintiff"), by and through his attorneys, complaining as to the conduct of CAPITAL ONE AUTO FINANCE, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, Invasion of Privacy ("IOP"), and Trespass to Chattels ("TTC"), for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the District of Colorado and a substantial portion the events or omissions giving rise to the claims occurred within the District of Colorado.

## PARTIES

4. Plaintiff is a consumer over-the-age of 18 residing in Denver, Colorado, which lies within the District of Colorado.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a provider of automobile financing to consumers across the country, including the state of Colorado. Defendant is a corporation organized under the laws of the state of Texas with its principal place of business located at 7933 Preston Road, Plano, Texas.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. This instant action arises out of Defendant's attempts to collect upon a personal automobile loan ("subject debt") from Plaintiff.

10. Around the early months of 2022, Plaintiff began receiving calls to his cellular phone, (720) XXX-2949, from Defendant seeking to collect upon the subject debt.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -2949. Plaintiff is and has always been financially responsible for the cellular phone and its services.

12. Defendant mainly uses the phone number (800) 946-0332 when placing phone calls to Plaintiff's cellular phone. Upon information and belief, Defendant uses other phone numbers to contact Plaintiff's cellular phone.

13. Upon information and belief, the above-referenced phone number is regularly utilized by Defendant during its debt collection activity.

14. Defendant has used pre-recorded messages when placing collection calls to Plaintiff's cellular phone.

15. Upon speaking with one of Defendant's representatives, Plaintiff was informed that it was attempting to collect upon the subject debt.

16. Plaintiff notified Defendant that he does not owe the subject debt and demanded that Defendant stop contacting him.

17. Despite Plaintiff's efforts, Defendant continued to regularly call his cellular phone up until the filing of the instant action.

18. Defendant's persistent contacts with Plaintiff have included utilizing and delivering to Plaintiff pre-recorded voice messages, directing Plaintiff to contact Defendant immediately regarding an urgent matter.

19. Plaintiff has received multiple phone calls from Defendant since asking it to stop calling.

20. Frustrated over Defendant's conduct, Plaintiff spoke with his attorneys regarding his rights, resulting in expenses.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending

calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

25. Defendants used pre-recorded messages when placing calls and leaving voicemail messages to Plaintiff's cellular phone, thus bringing its phone calls within the ambit of the TCPA.

26. Defendant violated the TCPA by placing dozens of phone calls to Plaintiff's cellular phones using pre-recorded messages without his consent. Any consent that Plaintiff may have given in connection with incurring the subject debts was explicitly revoked by his demands that Defendant's phone calls cease. Defendants further placed calls to Plaintiff's cellular phone number which was never provided to Defendants, further demonstrating the unconsented-to nature of its phone calls.

27. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

28. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA

should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, JOHN D. CALLAHAN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

29. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Defendant, through its collection conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

31. Defendant's persistent and unwanted autodialed phone calls to Plaintiff's cellular phone eliminated Plaintiff's right to privacy.

32. Moreover, Defendant's behavior in continuously contacting Plaintiff by phone at different times throughout the day, was highly intrusive and invasive.

33. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, overall focus, hindered Plaintiff's recovery from his injuries, and continually frustrated and annoyed Plaintiff into submission.

34. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home and/or any other location in which Plaintiff would have normally brought his cellular phone.

35. By continuing to call Plaintiff in an attempt to dragoon him into paying the subject debt, Plaintiff had no reasonable escape from these incessant calls.

36. As detailed above, by persistently autodialing Plaintiff's cellular phone without his prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

37. Defendant's relentless collection conduct and tactic of repeatedly auto dialing Plaintiff's cellular phone after he requested that these calls cease on numerous occasions is highly offensive to a reasonable person.

38. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion.

WHEREFORE, Plaintiff, JOHN D. CALLAHAN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff reasonable attorney's fees & costs;

e. Enjoining Defendant from contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III-TRESPASS TO CHATTELS

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Trespass to Chattels is defined as the intentional interference with the possession, or physical condition of a chattel in the possession of another, without justification. Prosser, Torts, 64 (2d ed.).

41. "The harm recognized by the ancient common law claim of trespass to chattels — the intentional dispossession of chattel, or the use of or interference with a chattel that is in the possession of another, is a close analog for a TCPA violation." *Mey v. Got Warranty, Inc.*, 193 F.Supp.3d 641, 647 (N.D. W. Va. 2016).

42. Courts have applied this tort theory to unwanted telephone calls and text messages. *See Czech v. Wall St. on Demand*, 674 F.Supp.2d 1102, 1122 (D.Minn. 2009) and Amos Financial, L.L.C. v. H&B&T Corp., 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

43. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot on another's property" is trespass." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

44. Defendant interfered with Plaintiff's ability to use his cellular phone while it was in his possession.

45. Defendant barraged Plaintiff with numerous calls, leaving him unable to use or possess his cellular phone in the manner in which he wanted to.

46. Defendant knew or should have known that its phone calls were not consented to, as Plaintiff stated that Defendant must cease contacting him on numerous occasions.

47. Defendant caused damage to Plaintiff's cellular phone, including, but not limited to, the wear and tear caused to his cellular phone, the loss of battery charge, and the loss of battery life.

48. Plaintiff also suffered damages in the form of stress, anxiety, and emotional distress, from Defendant's continuous interference with his possession of his cellular phone.

WHEREFORE, Plaintiff, JOHN D. CALLAHAN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Enter judgment in favor of Plaintiff and against Defendant;

b. Award Plaintiff actual damages in an amount to be determined at trial;

c. Award Plaintiff punitive damages in an amount to be determined at trial;

d. Enjoining Defendant from contacting Plaintiff;

e. Award any other relief this Honorable Court deems equitable and just.

Dated: April 25, 2022

Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the District of Colorado
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com